Filed 8/24/16  P. v. Guerrero CA4/2
*See dissenting opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064754 |
| v. | (Super.Ct.No. RIF1402302) |
| GABRIEL ARTURO GUERRERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette Cavalier and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

1

The trial court denied the Proposition 47 petition for resentencing (Pen. Code,[1] § 1170.18.) of defendant and appellant Gabriel Arturo Guerrero. Defendant contends the trial court erred because (1) his burglary convictions (§ 459) meet the statutory definition of shoplifting (§ 459.5); and (2) his convictions should have been evaluated on a count-by-count basis. We affirm the order.

## FACTUAL AND PROCEDURAL HISTORY

On June 19, 2014, a felony complaint was filed against defendant charging him with (1) burglary (§ 459), in that he entered a 7-Eleven in Moreno Valley, "with intent to commit theft and a felony," on or about March 15, 2014; (2) burglary (§ 459), in that he entered a 7-Eleven, in Moreno Valley, "with intent to commit theft and a felony," on or about March 22, 2014; (3) willfully obtaining personal identifying information of another person and using that information for an unlawful purpose without the person's consent (§ 530.3, subd. (a)), on or about March 15, 2014; and (4) grand theft, in that he acquired or retained possession of access card account information without the cardholder's consent, with the intent to use the information fraudulently (§ 484e, subd. (d)), on or about March 15, 2014. The complaint further alleged defendant suffered six prison priors (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On October 30, 2014, defendant pled guilty to the first three counts: (1) the two burglary charges (§ 459); and (2) unauthorized use of another person's personal identifying information (§ 530.5). Defendant also admitted suffering one prison prior. (§ 667.5, subd. (b).) At the hearing, defendant admitted using the victim's ATM card to withdraw cash from an ATM machine inside a 7-Eleven.

The trial court ordered victim restitution in the amount of $3,983. However, the victim was requesting more restitution, so the court reserved judgment on ordering further restitution dependent upon evidence provided by the victim. As part of the plea agreement, defendant agreed to be incarcerated for a term of four years four months, to be concurrently served with case No. RIF1400187. The trial court sentenced defendant to county jail for a term of four years four months. The court suspended four months of the sentence, and ordered those four months be served on mandatory supervision. The court ordered the jail term be served concurrent with the sentence for case No. RIF1400187.

On March 11, 2015, defendant filed a petition for resentencing pursuant to Proposition 47. Defendant requested his two burglary convictions (§ 459) from the instant case, and nine of his convictions from five other cases, be reduced to misdemeanors. Defendant contended the burglary convictions (§ 459) now qualified as shoplifting (§ 459.5) and he believed the value of the check or property taken did not exceed $950.

3

The People opposed the petition. The People asserted defendant was not eligible for Proposition 47 relief because defendant was convicted of identity theft (§ 530.5). The trial court denied defendant's petition because it found defendant's burglary convictions did not qualify as shoplifting due to defendant entering the 7-Eleven on both occasions with the intent to commit identity theft (§ 530.5) by using another person's ATM card.

## DISCUSSION

### A. SHOPLIFTING

Defendant contends the trial court erred by denying his petition because his burglary convictions (§ 459) meet the statutory definition of shoplifting (§ 459.5).

No evidence was submitted at the trial court, so we will apply the de novo standard of review. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.) Proposition 47 was enacted by California voters in November 2014. The Proposition caused some felonies to be reclassified as misdemeanors, and permitted people currently serving felony sentences for those reclassified crimes to petition for resentencing under the new laws. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448.)

"Proposition 47 added section 459.5, which classifies shoplifting as a misdemeanor 'where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).' (§ 459.5, subd. (a).) '[T]o qualify for resentencing under the new shoplifting statute, the trial court must determine whether defendant entered "a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours," and whether "the value of the

4

property that [was] taken or intended to be taken" exceeded $950. (§ 459.5.)'" (*People v. Rivas-Colon*, *supra*, 241 Cal.App.4th at p. 448.)

The complaint charged defendant with entering the store "with intent to commit theft and a felony." The burglary statute prohibits entering a shop "with intent to commit grand or petit larceny or any felony." (§ 459.) The burglary statute presents the intent options in the disjunctive, so intent to commit larceny *or* a felony is required. "When a crime can be committed in more than one way, it is standard practice to allege in the conjunctive that it was committed every way. Such allegations do not require the prosecutor to prove that the defendant committed the crime in more than one way." (*People v. Lopez* (2005) 129 Cal.App.4th 1508, 1532-1533.) Accordingly, while the prosecutor alleged defendant had the "intent to commit theft and a felony," only one of those options was needed for the crime to be complete.

At defendant's plea hearing, the following dialogue occurred:

"[The Court]: [Defendant], is it true that on March 15th, 2014, in Riverside County, and March 22nd, 2014, in Riverside County, you went into stores in Moreno Valley with somebody else's credit card and used that to make purchases?

"The Defendant: Yes.

"The Court: The Court finds there's a factual basis for both counts and will accept the pleas. [¶] Is he coming back for sentencing, or are we sentencing today?

"[Prosecutor]: I don't know if it really matters, but it was withdrawals from ATMs within those two places.

"The Court:  You used the ATM card of someone else to steal their money basically?

"The Defendant:  Yes.

"The Court:  All right."

From the plea hearing and the complaint, it is unclear whether the taking of the cash or the use of the victim's identifying information formed the basis for the burglary intent requirement.  It is unclear because (1) due to the use of the conjunctive in the complaint, both the intent to commit larceny and the intent to use the victim's personal identifying information could satisfy the burglary intent requirement; (2) at the plea hearing, defendant was not explicitly asked about his intent, and (3) at the plea hearing an explicit finding was not made regarding defendant's intent.  As a result, the intent to commit larceny and the intent to use the victim's personal identifying information could both satisfy the intent requirement for defendant's burglary conviction.

When there is an ambiguity in a plea agreement, it is construed in favor of the defendant, focusing on the defendant's reasonable understanding.  (*People v. Toscano* (2004) 124 Cal.App.4th 340, 345.)  Given the ambiguous dialogue at the plea hearing, defendant could have reasonably understood that he was guilty of burglary either due to the intent to take the cash or the intent to use the victim's ATM card.  An interpretation favorable to defendant would be that the taking of the cash satisfied the intent requirement because that would bring the offense within the statutory definition of shoplifting (§ 459.5).  In sum, the record is ambiguous as to defendant's intent at the

6

time of the burglary, and any ambiguity should be construed in defendant's favor, which would mean the intent for the burglary was the larceny of the cash.

However, we do not resolve the ambiguity at this court. Rather, as discussed *post*, the matter must be returned to the trial court to make a finding on the issue of whether defendant took $950 or less. Because the matter will need to be returned to the trial court, and evidence about defendant's offenses will need to be submitted, the record on the issue of defendant's intent could also be better developed in the trial court. Thus, as discussed *post*, we will affirm the judgment without prejudice to defendant filing another petition wherein he provides evidence in support of his petition and perhaps resolves the ambiguity regarding the intent element.

Defendant contends the trial court at the plea hearing already made an implied finding that the theft of the cash constituted the underlying felony for the burglary because the trial court did not apply section 654 when sentencing defendant for (1) the burglary; and (2) the use of another's personal identifying information, which would mean the burglary involved the intent to take the cash, not identity theft. Defendant's reliance on section 654 is not persuasive because defendant's plea agreement was conditioned on him receiving the four year four month sentence that the trial court imposed. Defendant waived section 654 by accepting the plea bargain. (*People v. Hester* (2000) 22 Cal.4th 290, 295-296.) Thus, the trial court did not make an implied finding when it sentenced defendant without applying section 654—the trial court was following the plea agreement.

7

The People contend defendant is ineligible for resentencing under Proposition 47 because he committed identity theft in connection with the shoplifting. The People assert check forgery for $950 or less was made a misdemeanor under Proposition 47; however, the crime remains a wobbler, regardless of the amount taken, if identity theft is committed in connection with the forgery. The punishment statute for forgery crimes provides, "This subdivision [making the offense a misdemeanor] shall not be applicable to any person who is convicted both of forgery and of identity theft, as defined in Section 530.5." (§ 473, subd. (b).) The People's argument is not persuasive because there is not similar language about identity theft in the shoplifting statute. We cannot graft language from the forgery statute (§ 473) into the shoplifting statute (§ 459.5).

As explained *ante*, the record is ambiguous as to defendant's intent at the time of the burglary—the underlying felony could be the larceny of cash or the identity theft. Also as explained *ante*, no evidence was submitted in support of defendant's petition. Thus, even if the ambiguous intent were construed in defendant's favor, the matter would still need to be returned to the trial court for evidence to be submitted on the issue of whether defendant took $950 or less. (§ 459.5; *People v. Sherow*, *supra*, 239 Cal.App.4th at p. 880 [a petitioner under section 1170.18 should attach documentary evidence to his/her petition]; *People v. Perkins* (2016) 244 Cal.App.4th 129, 137 [same].)

The lack of evidence concerning the amount of cash taken means the trial court did not err in denying defendant's petition because defendant failed to prove he met the

requirements of the shoplifting statute, i.e., that he took $950 or less. (§ 459.5; *People v. Perkins*, *supra*, 244 Cal.App.4th at p. 136.)

Defendant filed his petition for resentencing on March 11, 2015, which was prior to the filing of cases such as *Sherow* (filed August 11, 2015) that explained evidence should be attached to the petition. (*People v. Sherow*, *supra*, 239 Cal.App.4th 875.) Thus, we affirm the order because the trial court did not err, but we do so without prejudice to defendant filing another petition.

B.     EVALUATION

Defendant contends his convictions should have been evaluated on a count-by-count basis. Defendant asserts the trial court erred by using his identity theft conviction to deny resentencing on the burglary convictions. The trial court denied defendant's petition because it found defendant's burglary convictions did not qualify as shoplifting due to defendant entering the 7-Eleven on both occasions with the intent to commit identity theft (§ 530.5) by using another person's ATM card.

Because evidence was not submitted with defendant's petition, it is unclear how the trial court determined defendant's intent at the time of the burglary. To the extent the trial court combined the identity theft and burglary convictions, we agree the trial court erred. (See *People v. Perkins*, *supra*, 244 Cal.App.4th at p. 140 [consider counts

9

separately].)  Nevertheless, as explained *ante*, the trial court's decision must be affirmed because defendant did not submit evidence that he took $950 or less.[2]

## DISPOSITION

We affirm the denial of defendant's petition without prejudice to defendant filing a subsequent petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

I concur:

HOLLENHORST
Acting P. J.

---

[2] Defendant requests we take judicial notice of the ballot pamphlet language for Propositions 36 and 47.  (Evid. Code, § 452, subd. (c); *Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 22, fn. 10.)  We grant the request as required by law.  (Evid. Code, § 453.)

.

[*People v. Guerrero*, E064754]

Slough, J., Dissenting.

I agree with the majority's conclusion Guerrero's plea agreement is ambiguous on the question whether his burglary convictions were predicated on theft or identity theft. (Maj. opn. *ante*, at pp. 5-6.) I also agree with the majority's conclusion the ambiguity must be resolved in Guerrero's favor as a matter of law.[1] (*Id.* at p. 6; see also *In re Timothy N.* (2013) 216 Cal.App.4th 725, 734-735.) However, unlike the majority, I would conclude the superior court erroneously determined Guerrero's burglary convictions were categorically ineligible because they were predicated on identity theft. I would therefore reverse the superior court order and remand to allow augmentation of the factual record as needed to allow the court to determine whether Guerrero is eligible for resentencing.

Instead, the majority affirms the superior court's erroneous order on the ground that Guerrero's petition did not include evidence to show the value of the stolen property did not exceed $950. I believe it is a mistake to reflexively reject petitions as deficient. The superior court has discretion to allow a petitioner who has not provided enough information to amend the petition or submit additional evidence, to resolve a petition by looking to court records to determine eligibility, and to order a hearing. (*People v.*

---

[1] I also agree with the majority (maj. opn. *ante*, at pp. 9-10) that superior courts may not aggregate the value of stolen property from separate counts. (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1310.)

11

*Fedalizo* (2016) 246 Cal.App.4th 98, 108 ["[T]rial courts have substantial flexibility to devise practical procedures to implement Proposition 47, so long as those procedures are consistent with the proposition and any applicable statutory or constitutional requirements"].) Because the superior court ruled Guerrero's conviction was categorically ineligible, it had no reason to reach the issue of value.

If the trial court had exercised its discretion to consider whether to dismiss Guerrero's petition as deficient, it would have been an abuse of discretion to deny him the opportunity to cure the failure through amendment. "[T]he general rule of liberal allowance of pleading amendment" requires the reviewing court to grant leave to amend if there is a "reasonable possibility" the party can amend the pleading to cure its defects. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1387 [failure to grant leave to amend complaint where there is a reasonable possibility the plaintiff can cure the defect "is an abuse of discretion"]; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028 ["If there is a reasonable possibility [amendment will] . . . cure the defects, leave to amend *must be granted*"], italics added.) The same liberal amendment principles apply in the criminal context. (4 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Pretrial Proceedings, § 242, p. 501 ["The court may order or permit an amendment for any defect or insufficiency [in the accusatory pleading], at any stage of the proceedings"]; *People v. Duvall* (1995) 9 Cal.4th 464, 482 [same for habeas pleadings].)

Here, denying Guerrero's petition without leave to amend would have led to a premature dismissal of a potentially meritorious petition. At his plea hearing, Guerrero admitted the basis of his convictions was that he entered a 7-Eleven store on two occasions and used someone else's ATM card to withdraw cash from an automatic teller machine. Given standard limitations on ATM withdrawals, these facts show there is a reasonable possibility Guerrero could amend his petition to include a declaration to satisfy his burden under Penal Code section 1170.18.

Accordingly, I would reverse the superior court's order denying Guerrero's petition and remand for further proceedings. On remand, I would allow the superior court to exercise its discretion whether determining eligibility requires augmentation of the factual record and, if so, whether to accomplish that end by ordering Guerrero to amend his petition or ordering the parties to supplement the record at an evidentiary hearing.

SLOUGH _____

J.

3